```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA         :    CRIMINAL ACTION
                                 :
             v.                  :
                                 :
KENNETH EUGENE CHERRY, JR.       :
     a/k/a "Kenny"               :    NO. 19-122-1
```

MEMORANDUM

Bartle, J.                                            July 6, 2020

Before the court is the Motion of defendant Kenneth Eugene Cherry, Jr. for Release Pending Imposition of Sentencing pursuant to 18 U.S.C. §§ 3143(a) and 3145(c)[1] on the grounds that he has a heightened risk for COVID-19 because of his asthma and his use of Albuterol and a steroid inhaler.

A federal grand jury returned a 27-count indictment against Cherry on February 26, 2019. It charged him with one count of dealing in firearms without being licensed to do so in violation of 18 U.S.C. §§ 922(a)(1)(A), 924(a)(1)(D) and 2, fifteen counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), one count of knowing possession and transfer of a machine gun under 18 U.S.C. § 922(o), two counts of possession of an unregistered firearm in

---

1. Cherry also states in his motion that he seeks release pursuant to 18 U.S.C. § 3142(i). Section 3142 governs orders for pretrial release or detention. Cherry has been found guilty at trial and is detained pending sentencing.

violation of 26 U.S.C. §§ 5845(a), 5861(d), and 5871, and eight counts of possession of a firearm with the serial number removed, obliterated, or altered in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(b).[2]  These charges arose from a firearms trafficking scheme in which Cherry was alleged to have sold a total of 24 firearms plus two conversion devices that are classified as "machine guns" to a confidential source and aided and abetted the sale of six additional firearms by his associate.

On March 28, 2019, Magistrate Judge Rice granted the motion of the Government to detain Cherry pretrial after an evidentiary hearing.  He concluded the Government met its burden to prove that no condition or combination of conditions would reasonably assure Cherry's appearance, that no condition or combination of conditions would reasonably assure the safety of the community, and that there was probable cause to believe that Cherry committed the offenses charged in the indictment. Magistrate Judge Rice also observed that Cherry and his co-defendant represented a significant potential danger to a source cooperating with Government and the source's family.

---

2.  The Government filed a superseding indictment with the same charges on August 13, 2019 which amended the language of the indictment to comply with the decision of the Supreme Court decision in Rehaif v. U.S., 139 S. Ct. 2191 (2019).

-2-

On July 30, 2019, Cherry filed with the Court a motion in which he sought to be released pending trial with electronic supervision to his grandmother's home pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3145(b).  Cherry pointed to the recommendation of Pretrial Services that he be released pending trial.

This Court held a hearing on the motion.  We considered de novo whether any conditions of release would reasonably assure Cherry's appearance at trial and the safety of any other person and the community.  See 18 U.S.C. § 3142(g).  At that time, Cherry faced ten years' incarceration under the guidelines for the offenses charged.  We found this factor provided a substantial incentive to flee.  We also referenced the Government's proffer that when Cherry found out the buyer of his firearms was a Government informant, he discarded his cell phone and fled to a motel room arranged by his associate.  When law enforcement officials found Cherry, he attempted to flee again.  This time he ran on foot and entered a nearby residence without permission and lied to the occupants that someone was trying to kill him.

In addition to the evidence of flight, we found that some of the firearms that Cherry, already a convicted felon, was alleged to have sold had obliterated serial numbers.  Some were machine guns.  Cherry sold these dangerous weapons over the

-3-

course of several months and would have continued to do so had he not learned that his buyer was an informant.  The Government also proffered that Cherry, after learning his buyer worked for the Government, took steps to find the informant's name and address and that co-defendant Charles Wilson trailed the informant.

We found that the Government met its burden to show by clear and convincing evidence that there were no conditions of release that would reasonably assure the appearance of Cherry at trial and that he was a danger to the community, and particularly a danger to the Government informant.  We denied Cherry's motion for pretrial release.

On August 27, 2019, a jury found Cherry guilty on 24 of the 27 counts charged – guilty on all counts except two of the fifteen counts of being a felon in possession of a firearm and one of the eight counts of possessing a firearm with a removed, obliterated, or altered serial number.  The Court ordered Cherry to be detained pending sentencing at the Philadelphia Federal Detention Center where he has been housed since March 29, 2019.[3]

---

3.   At the request of Cherry's counsel, the Court extended the deadline for filing posttrial motions until June 29, 2020.  The Court has not set a date for Cherry's sentencing hearing.

On June 9, 2020, Cherry filed the pending motion in which he seeks release to home confinement under 18 U.S.C. §§ 3143(a) and 3145(c). He contends that he has a heightened risk for COVID-19 due to his asthma and his use of Albuterol and a steroid inhaler. Cherry also seeks release to assist with the care of his son who was born on September 14, 2019 and suffers from a chronic lung disease.[4] He requests release to the home of Raysandra Wright who is the mother of his child.

Section 3145(c) permits a judicial officer to reverse an order for presentence detention issued pursuant to Section 3143(a) if it is clearly shown that the requirements of subsection (1) therein are met and exceptional reasons exist why detention is not appropriate. 18 U.S.C. § 3145(c). Section 3143(a)(1) requires that a person found guilty of a crime, with exceptions not relevant here, be detained unless the Court finds by clear and convincing evidence that the defendant is not likely to flee and is not a danger to the safety of the community or any other person.

---

4. The Centers for Disease Control and Prevention ("CDC") has identified those with moderate to severe asthma and chronic lung disease as more susceptible to adverse outcomes from COVID-19. The CDC has also found that the prolonged use of corticosteroids may weaken the immune system and increase the risk of severe illness from COVID-19.

The Government has already met its burden to show that no conditions can assure Cherry's appearance and that he is a danger to the community.  It is Cherry that now has the burden to demonstrate otherwise by clear and convincing evidence.  See 18 U.S.C. § 3143(a)(1).

Cherry has now been convicted of possessing and selling numerous firearms, some of which had obliterated serial numbers or were machine guns.  He faces a minimum of ten years' incarceration under the guidelines for offenses of which he has now been convicted.  The Government presented evidence at trial of Cherry's flight after learning of the Government's informant.  Cherry argues in the pending motion that the coronavirus pandemic makes fleeing riskier and more difficult as he could be forced to flee to a country with less sophisticated health care for the care of his asthma.  We are unpersuaded.  His substantial incentive and propensity to flee remain.

Cherry would have persisted to sell firearms onto the streets of this community had he not learned his buyer was a Government informant.  Cherry also engaged in all of the conduct which led to his present conviction though previously convicted of burglary, theft, criminal mischief, simple assault, recklessly endangering another, possession with intent to distribute cocaine, and criminal conspiracy.  Cherry now seeks to be released before he is sentenced without offering any

evidence to overcome the finding of this Court that he is a danger to the community and the Government informant. He has failed to meet his burden.

For the foregoing reasons, we will deny the motion of Cherry for release pending imposition of sentencing.