IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA        :          CRIMINAL ACTION
                                :
            v.                  :
                                :
KENNETH EUGENE CHERRY, JR.      :          NO. 19-122-1


MEMORANDUM

Bartle, J.                                          May 17, 2022

        The court has before it the motion of defendant

Kenneth Eugene Cherry, Jr., acting pro se, for compassionate

release and sentence reduction.

I

        The court set out the background of Cherry's

underlying criminal case in its November 10, 2021 Memorandum

denying a prior motion of Cherry for compassionate release and

sentence reduction:

>        On August 27, 2019, a jury
> convicted Cherry of twenty-one counts for
> various firearms offenses. These convictions
> included dealing in firearms without a
> license, and aiding and abetting (18 U.S.C.
> § 922(a)(1)(A), (a)(2)); possession of a
> firearm by a felon, and aiding and abetting
> (18 U.S.C. § 922(g)(1), (2)); possession and
> transfer of a machine gun (18 U.S.C.
> § 922(o)); possession of a firearm not
> registered in the National Firearm
> Registration and Transfer Record (26 U.S.C.
> § 5681(d)); and possession of a firearm with
> an obliterated serial number (18 U.S.C.
> §§ 922(k), 924(a)(1)(B)).

                    The court sentenced Cherry on
          May 13, 2021 to a term of imprisonment of
          180 months followed by a three-year period
          of supervised release on May 13, 2021.

United States v. Cherry, Cr. A. No. 19-122-1, 2021 WL

5235231, at *1 (E.D. Pa. Nov. 10, 2021).

          Cherry is currently serving his sentence at the

Federal Correctional Institution in Loretto, Pennsylvania.  He

has now served approximately thirty-six months of his sentence

and has also accrued two months as credit for good conduct time.

His anticipated release date is February 6, 2032.

          On October 12, 2021, Cherry submitted a pro se

emergency motion requesting home confinement or a reduction in

sentence pursuant to the First Step Act.  In his motion, Cherry

argued that his release was warranted because he suffered from

medical conditions that heightened his risk of developing

serious illness from COVID-19.  The court denied his petition.

See Cherry, 2021 WL 5235231.  Cherry has now filed the instant

motion seeking compassionate release and sentence reduction.

                                II

          As mentioned above, Cherry's motion for compassionate

release and sentence reduction relies on 18 U.S.C. § 3582 as

recently amended by the First Step Act.  Section

3582(c)(1)(A)(i) provides that a court may order compassionate

release for "extraordinary and compelling reasons" but only if

-2-

the reduction in sentence is "consistent with applicable policy
statements of the Sentencing Commission":

> The court may not modify a term of
> imprisonment once it has been imposed except
> that—
>
>> (1) in any case—
>>
>>> (A) the court, upon motion of the
>>> Director of the Bureau of Prisons,
>>> or upon motion of the defendant
>>> after the defendant has fully
>>> exhausted all administrative
>>> rights to appeal a failure of the
>>> Bureau of Prisons to bring a
>>> motion on the defendant's behalf
>>> or the lapse of 30 days from the
>>> receipt of such a request by the
>>> warden of the defendant's
>>> facility, whichever is earlier,
>>> may reduce the term of
>>> imprisonment (and may impose a
>>> term of probation or supervised
>>> release with or without conditions
>>> that does not exceed the unserved
>>> portion of the original term of
>>> imprisonment), after considering
>>> the factors set forth in section
>>> 3553(a) to the extent that they
>>> are applicable, if it finds that—
>>>
>>>> (i) extraordinary and
>>>> compelling reasons warrant
>>>> such a reduction . . . and
>>>> that such reduction is
>>>> consistent with applicable
>>>> policy statements issued by
>>>> the Sentencing Commission.

Congress has also enacted 28 U.S.C. § 994(t), which
provides the following:

> The Commission, in promulgating general
> policy statements regarding the sentencing
> modification provisions in section

3582(c)(1)(A) of title 18, shall describe
what should be considered extraordinary and
compelling reasons for sentence reduction,
including the criteria to be applied and a
list of specific examples.  Rehabilitation
of the defendant alone shall not be
considered an extraordinary and compelling
reason.

The application note 1(A) of section 1B1.13 of the

Sentencing Guidelines explains that "extraordinary and

compelling reasons" exist if the defendant is (1) "suffering

from a terminal illness"; (2) "suffering from a serious physical

or medical condition"; (3) "suffering from a serious functional

or cognitive impairment"; or (4) "experiencing deteriorating

physical or mental health because of the aging process."  The

latter three grounds also require that the impairment

"substantially diminishes the ability of the defendant to

provide self-care within the environment of a correctional

facility and from which he or she is not expected to recover."

A district court is not bound by the Sentencing

Commission's policy statement in deciding what is an

extraordinary and compelling reason.  United States v. Andrews,

12 F.4th 255, 259 (3d Cir. 2021).  Still, the court may look to

the policy statement as a guide, even if it is not ultimately

binding.  Id. at 260.

III

Cherry first argues that he suffers from medical conditions that warrant his release.  In a supplemental filing, Cherry notes that he suffers from epilepsy and asthma.  He also references his "history with tuberculosis."  These conditions, he argues, place him at a higher risk for developing serious illness from COVID-19

In its November 10, 2021 Memorandum, the court rejected Cherry's arguments that his epilepsy and his asthma constitute extraordinary and compelling reasons warranting his release.  See Cherry, 2021 WL 5235231, at *2.  The court reasoned that he was receiving treatment for both medical conditions, and furthermore that he had already received a vaccine for COVID-19 that has proven effective at preventing serious illness and complications.  Id.  Cherry presents no evidence that either condition has worsened or gone untreated since the court's November 2021 decision.  Similarly, there is no indication that Cherry has suffered from tuberculosis or any related symptoms while he has been under the Bureau of Prison's custody.  Accordingly, the court finds that Cherry has not presented extraordinary and compelling reasons for granting compassionate release because of his medical conditions and the COVID-19 pandemic.

Cherry next argues that his family circumstances warrant compassionate release.  The Sentencing Commission policy statement offers two circumstances that could present an "extraordinary and compelling reason" that warrants compassionate release:

> (i)  The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

U.S.S.G. § 1B1.13 app. note 1(C).

Cherry first contends that he has a two-year-old son who was born prematurely and who suffers from lung ailments. Cherry's fiancée suffers from asthma and anemia.  He maintains that she is unable to maintain employment and care for their son.  However, he has not shown that his fiancée is incapacitated or that no other person is available to care for his child.  See, e.g., United States v. Haywood, Cr. A. No. 12-47, 2022 WL 541776, at *5 (E.D. Pa. Feb. 23, 2022).  His request for compassionate release on this ground will be denied.

Cherry next contends that compassionate release is warranted so that he may assist his mother with caring for his brother who requires constant care due to a traumatic brain injury.  Several judges of this court have said that the need to

provide direct care to an elderly parent does not constitute an extraordinary and compelling circumstance.  See, e.g., United States v. Pizzo, Cr. A. No. 19-298, 2022 WL 1045235, at *3 (E.D. Pa. Apr. 7, 2022); United States v. Scott, Cr. A. No. 17-151-1, 2021 WL 2529918, at *1 (E.D. Pa. June 21, 2021); United States v. Ellsworth-Daway, Cr. A. No. 17-506, 2021 WL 2823081, at *2 (E.D. Pa. July 7, 2021).  Applying the reasoning of these decisions, the need to assist a parent with the care of another cannot be a basis for compassionate release.  Cherry's motion will be denied on this ground.

Cherry finally references the circumstances around his trial and his sentence as extraordinary and compelling reasons. He argues that his conviction on the § 922(g) count is inconsistent with the Supreme Court's decision in United States v. Rehaif, 139 S. Ct. 2191 (2019).  He also argues that his sentence is disproportionately longer than that of his co-defendant.  Neither argument is properly raised on a motion for compassionate release.  See, e.g., United States v. Henderson, 858 F. App'x 466, 469 & n.2 (3d Cir. 2021).  Claims of sentencing error must be raised in a motion pursuant to 28 U.S.C. § 2255.  Id. (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)).

IV

Cherry has not established an extraordinary and
compelling reason that warrants his release under
§ 3582(c)(1)(A).  Accordingly, the court will deny the motion of
Cherry for a compassionate release or a reduction in sentence.