IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| KENNETH EUGENE CHERRY, JR. | : | NO. 19-122-1 |

MEMORANDUM

Bartle, J.                                          September 14, 2022

      Before the court is the third pro se motion for compassionate release and sentence reduction that defendant Kenneth Eugene Cherry, Jr. has filed in the past year.

      On August 27, 2019, a jury convicted Cherry on twenty-one counts for various firearms dealing and possession. On May 13, 2021, he was sentenced to a term of imprisonment of 180 months followed by a three-year period of supervised release. Cherry is currently serving his sentence at the Federal Correctional Institution in Loretto, Pennsylvania. His anticipated release date is February 6, 2032.

      Cherry filed his first pro se motion for compassionate release and sentence reduction in October 2021. He argued release was warranted because he suffered from medical conditions that placed him at a higher risk of severe illness if he were to contract COVID-19. See Doc. # 170. The court denied his motion. Although Cherry suffers from asthma, the court found that Cherry's condition did not constitute extraordinary

and compelling circumstances because he had received a vaccine against COVID-19. The court further determined that even if Cherry had established an extraordinary and compelling reason for his release, the factors under 18 U.S.C. § 3553(a) counseled against release because of the seriousness of his offense and the length of his remaining sentence. See United States v. Cherry, Cr. A. No. 19-122-1, 2021 WL 5235231, at *2-3 (E.D. Pa. Nov. 10, 2021).

Cherry filed his second pro se motion for compassionate release in February 2022. See Doc. # 176. Cherry reiterated that his medical conditions warranted compassionate release. He argued that he should be released so that he could assist his fiancée with caring for their two-year old son who suffers from serious lung ailments. He also sought to be able to assist his mother with caring for his brother who recently suffered a traumatic brain injury. The court found no material change in Cherry's medical condition. The court also determined that none of Cherry's family-related circumstances qualified as a reason for compassionate release under United States Sentencing Guidelines § 1B1.13 app. note 1(c). United States v. Cherry, Cr. A. No. 19-122-1, 2022 WL 1557777, at *2-3 (E.D. Pa. May 17, 2022), appeal filed (3d Cir. June 3, 2022).

In Cherry's instant motion, he mostly reiterates his prior medical- and family-based circumstances as extraordinary

and compelling reasons.  The court has reviewed Cherry's medical records and the correspondence between him and medical staff that he included as an exhibit to his reply in support of his motion.  The only change in Cherry's health is that he was treated in August for chest pain.  He was taken to an outside hospital where he underwent an electrocardiogram.  He was told that the electrocardiogram showed that he has "mild mitral valve regurgitation" but was reassured that it is a "common finding in many people and does not indicate any type of heart problem or any increased risk of future heart problems."  See Doc. # 200 at 31.  Accordingly, the court finds that Cherry does suffer from any serious medical condition that could warrant release.  See U.S.S.G. §1B1.13 app. note 1(A).

     As for his family-related circumstances, Cherry asserts that he should be released so that he can care for his two-year-old son who suffers from severe respiratory and cardiac conditions and requires intensive, around-the-clock medical care.  He contends that the mother of his child suffers from medical conditions herself and struggles to support his son financially.  He also argues release is warranted so that he may assist his mother with caring for his brother who requires constant care due to a traumatic brain injury.  Although the court is sympathetic to Cherry's family circumstances, the court rejected these arguments when Cherry advanced them in his

-3-

February 2022 compassionate release petition. See Cherry, 2022 WL 1557777, at *2-3. For substantially similar reasons, they are rejected here as well.

Accordingly, the court finds that Cherry has not established an extraordinary and compelling reason warranting compassionate release.[1] Even if extraordinary and compelling circumstances existed, Cherry must still show that release is warranted under the factors set out in 18 U.S.C. § 3553(a). As mentioned above, the court has previously found that the § 3553(a) factors did not weigh in favor of his release:

> The extreme seriousness of Cherry's offenses cannot be denied. . . . Cherry was convicted of multiple counts of firearms trafficking offenses. He has only served less than three years of his fifteen-year sentence. Releasing him now would not appropriately reflect the nature and circumstances of his offenses, promote just punishment, or afford adequate deterrence to criminal conduct.

Cherry, 2021 WL 5235231, at *3. Cherry has not identified any reason for the court to rebalance the § 3553(a) factors in his favor. Accordingly, the motion of Cherry for compassionate release and sentence reduction is being denied.

---

[1]. Cherry also argues that the conditions at FCI-Loretto and the length of his sentence constitute extraordinary and compelling circumstances. A compassionate release petition is not the proper vehicle for either argument. E.g., United States v. Grant, Cr. A. No. 18-34-3, 2022 WL 558347, at *5 (E.D. Pa. Feb. 24, 2022); United States v. Henderson, 858 F. App'x 466, 469 & n.2 (3d Cir. 2021).