IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KENNETH EUGENE CHERRY, JR.

Petitioner.

V.

UNITED STATES OF AMERICA,

Respondent.

Case No. 19-CR-000122-1

HON Harvey Bartle III

## PRO SE MOTION FOR TO VACATE CONVICTIONS AND SENTENCES PURSUANT TO 28 U.S.C. § 2255 AND 28 U.S.C § 1651 AND 28 U.S.C. § 1331

I

Petitioner Kenneth Eugene Cherry, Jr., files his pro se Motion Under 28 U.S.C. § 2255 and 28 U.S.C § 1651 AND 28 U.S.C. § 1331 to Vacate, Set Aside, or Correct Sentences by a Person in Federal Custody. The Court's judicial power is vested by Article III of the Constitution and extends to "Cases" and "Controversies." U.S. CONST. art. III, § 2, cl. 1. Petitioner also invokes 28 U.S.C. § 1331 and 28 U.S.C § 1651 to assist the Court's jurisdiction under § 2255.

II

### EVIDENTIARY HEARING

1

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 18 U.S.C. § 2255.

## III

## BACKGROUND

Since the Government's **NEW DEAL of 1934**, the government and its judges have illegally bypassed the prohibitions of Article 6, Clauses 2 and 3, and the prohibitions of the Second Amendment, and of the Due Process Clauses of the Constitution of the United States, and claims that upon a felony conviction, "individual rights" secured to American Citizens by the Second and Fifth Amendments to the Constitution of the United States, **simply evaporates**, with no due process required. Thus, the government may imprison those Citizens for up to life in prison, for doing nothing more than "possess" a legal firearm for lawful home and family and self-defenses.

On August 13, 2019, under the directions of the Government's prosecutor, a grand jury returned a 27-count superseding indictment against Petitioner Kenneth Eugene Cherry, Jr.

2

On August 27, 2019 the jury found Petitioner guilty of 24 offenses: One count of violating 18 U.S.C. § 922(a)(1)(A) (dealing in firearms without a license); **13 counts of violating 18 U.S.C. § 922(g)(1) (possession of a firearm by a felon)**; One count of violating 18 U.S.C. § 922(o) (possession and transfer of a machine gun); Two counts of violating 26 U.S.C. § 5861(d) (possession of a firearm not registered in the National Firearms Registration and Transfer Record); **Seven counts of violating 18 U.S.C. §§ 922(k) and 924(a)(1)(B) (possession of a firearm with serial number removed, obliterated, or altered).**

On May 13, 2021, the Court sentenced Petitioner to consecutive aggregated terms of imprisonment totaling 180 months followed by a three-year period of supervised release. United States v. Cherry, Cr. A. No. 19-122-1, 2021 WL 5235231, at *1 (E.D. Pa. Nov. 10, 2021).

At sentencing Petitioner objected to the probation officers unadjudicated and unproven allegation which the Court relied on to reach its consecutive aggregated 180-month sentence. The Court over-ruled Petitioner's objections without giving a lawful and sufficient reason.

Petitioner has been in federal detention since March 18, 2019. Petitioner is currently serving his sentence at the Federal Correctional Institution in Loretto, Pennsylvania. His anticipated release date is February 6, 2032.

## IV.

## ARGUMENTS

## I

## PETITIONER'S "INDIVIDUAL RIGHT" TO KEEP AND BEAR ARMS <u>HAS NEVER BEEN ABROGATED</u> WITHIN THE PROTECTIONS GUARANTEED HIM BY THE CONSTITUTION OF THE UNITED STATES

### a

Prior to and on August 13, 2019, and on August 27, 2019, and on May 13, 2021, Petitioner's **secured** "individual right" to keep and bear arms for home and family and self-defenses, **had not been constitutionally abrogated** within the protection guaranteed him by the Constitution of the United States. Thus, on those dates, Petitioner's **secured** "individual right" to keep and bear arms for home and family and self-defenses, **had not been constitutionally abrogated.** The Constitution of the United States forbids any such abrogation.

The **supreme Law of the Land controls here.**

"A well regulated Militia, being necessary to the security of a free State, **the right of the people to keep and bear Arms, shall not be infringed.**" **Second Amendment;**

**No person** shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, **nor be deprived of life, liberty, or property, without**

4

due process of law; nor shall private property be taken for public use, without just compensation. **Fifth Amendment;**

**All persons** born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. **No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law**; nor deny to any person within its jurisdiction the equal protection of the laws. **14th Amendment Section 1;**

**Article 6, Clauses 2 and 3 of the Constitution commands;** This Constitution, ... shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, .... The Senators and Representatives before mentioned, and the Members of the several State Legislatures, and all executive and judicial Officers, both of the United States and of the several States, shall be bound by Oath or Affirmation, to support this Constitution.... Article 6, Clauses 2 and 3, Constitution of the United States. See Marbury v. Madison, 5, U.S. 137, 176-180 (1803).

The Second and Fifth and Fourteenth Amendments and Article 6, Clauses 2 and 3 of the Constitution of the United States, **do not discriminate** with those declared secured protections guaranteed to each individual Citizens of the United States. Yet, contrary to these Constitutional prohibitions against the government, the Federal Government picks and chooses, and selects, **without due process of law,** which Citizens may exercise these protections secured and guaranteed to [the people] by these Constitutional secured individual rights. "The first eight Amendments to the Constitution set forth self-executing prohibitions on governmental action". City of Borene v. Flores, 521 U.S. 507, 524 (1997).

The Federal government, contrary to the <u>Second</u> and <u>Fifth</u> <u>Amendments</u>, declares that it is illegal for certain American Citizens it has labelled "felon," to merely "possess" a legal firearm, for lawful home and family, and self-defenses. <u>See</u> the government's laws listed under 18 U.S.C. § 922(g). The federal government has listed a variety (a class) of American Citizens it has summarily abrogated their secured <u>Second</u> and <u>Fifth</u> <u>Amendment</u> (due process of law) individual rights, and  prohibited them  to possess a legal firearm for home and family and self-defense, without providing those Citizens any due process of law:

    a. Any American Citizen whom the state or federal governments have labelled a "felon;"

    b. Fugitives from justice that have fled any jurisdiction to avoid prosecution;

    c. Individuals that are mentally ill or have been committed to a mental institution;

    d. Illegal immigrants;

    e. Anyone subject to a final protective order or order of protection;

    f. Any prior service member dishonorably discharged from the military;

    g. Any Citizen convicted of a domestic violence offense, including misdemeanors in state or federal court;

    h. Drug addicts or drug uses pursuant to the Controlled Substance Act.

Without providing those Citizens any due process of law.

The federal government does not allow those Citizens a judicial in the court-room <u>due process hearing</u>, on its abrogation of the above-mentioned American Citizens secured "individual right," to keep and bear arms for home and family and self-defense.

The Government and its judges, are Constitutionally prohibited from summarily abrogating a Citizen's (Petitioner's) secured individual "right," to keep and bear legal Arms; and are prohibited to deprive any Citizen of that right. <u>See Scott v. Sandford,</u> 60 U.S. 393, 450 (1867); <u>Parker v. District of Columbia</u>, 478 F.3d 370, 391 (D.C. Cir. 2007). <u>City of Borene v. Flores</u>, 521 U.S. 507, 524 (1997) ("The first eight Amendments to the Constitution set forth self-executing prohibitions on governmental action").

**Petitioner urges** that the federal government is constitutionally barred from applying its law 18, U.S.C. § 922(g)(1) against  him and other American Citizens, **who have not had his or her secured** "individual right" to keep and bear arms, constitutionally abrogated within the protections guaranteed by the Constitution of the United States. <u>Therefore</u>,  at the time of the government's

prosecution, Petitioner had a **secured** "individual right" to keep and bear arms for home and family and self-defenses. Thus, the Government's prosecution was/is barred by the Second and Fifth Amendments, and unconstitutional.

<u>Petitioner does not argue</u> that 18 U.S.C. § 922 (g)(1) is unconstitutional. **He argues** that the application of that government law is unconstitutional as applied to him, when his secured "individual right" to keep and bear arms, **had not been constitutionally abrogated** within the protection guaranteed him by the Constitution of the United States.

II

**THE GOVERNMENT IS CONSTITUTIONALLY BARRED FROM SUMMARILY ABROGATING PETITIONER'S <u>SECURED RIGHT</u> TO KEEP AND BEAR LEGAL FIREARMS FOR LAWFUL HOME AND FAMILY AND SELF-DEFENSES**

a.

American Citizens' rights secured by the Second Amendment, shall not be infringed. <u>United States v. Cruikshank</u> , 92 U.S. 542, 553 (1875); <u>District of Columbia v. Heller</u>, 554 U.S. 570, 592 (2008).

b.

The Second Amendment restricts the powers of the Federal government. _Cruikshank_, 92 U.S. at 553; _Heller_, 554 U.S. at 592. "The first eight Amendments to the Constitution set forth self-executing prohibitions on governmental action". _City of Borene v. Flores_, 521 U.S. 507, 524 (1997). See also _Marbury v. Madison_, 5, U.S. 137, 176-180 (1803), and _Scott v. Sandford_, 60 U.S. 393, 450 (1867).

### c.

In _District of Columbia v. Heller_, the Supreme Court held that the Second Amendment confers "an individual right" to keep and bear arms. 554 U.S. at 595. The constitutional right to bear arms in public for self-defense is not "a second-class right, subject to an entirely different body of rules than the other Bill of Rights guarantees." _McDonald v. Chicago_, 561 U. S. 742, 780 (2010) (plurality opinion).

### d.

The constitutional right to bear arms in public for self-defense, is not "a second-class right, subject to an entirely different body of rules than the other Bill of Rights guarantees." _McDonald v. Chicago_, 561 U. S. 742, 780 (2010) (plurality

opinion). See also *New York State Rifle & Pistol, Assoriation v. Bruen*, 597 U.S. \_\_\_\_\_ *(2022)*.

**e.**

"Where rights secured by the Constitution are involved, there can be no 'rule making' or legislation which would abrogate them." <u>Miranda,</u> 384 U.S. at 491. "The first Eight Amendments to the Constitution set forth self-executing prohibitions on governmental action." <u>Flores</u>, 521 U.S. at 524. See also <u>Scott</u>, 60 U.S. at, 450.

**f.**

The constitutional rights of American Citizens (Petitioner) can neither be nullified openly and directly by state or federal legislators, or federal or state executive, or judicial officers, nor nullified indirectly by them through evasive schemes for so-called public safety whether attempted "ingeniously or ingenuously." <u>See</u> <u>Second and Fifth and Fourteenth Amendments</u>, <u>and Article 6, Clauses 2 and 3</u>, <u>Article 6, Clauses 2 and 3, Constitution of the United States,</u> <u>See also</u>  <u>Marbury</u>, 5, U.S. at 176-180; <u>Cooper</u>, 358 U.S.  at 17-20; *Ex parte Virginia*, 100 U. S. 339, 100 U. S. 347; *Smith v. Texas*, 311 U. S. 128, 311 U. S. 132. The constitutional rights of American Citizens

(Petitioner) are not to be sacrificed or yielded to the whims of the state or federal governments' legislatures, or courts. See Marbury v. Madison, 5, U.S. 137, 176-180 (1803); Cooper v. Aaron, 358 U.S. 1, 17-20 (1958); Fifth and Fourteenth Amendments and Article 6, Clauses 2 and 3 Constitution of the United States.

Therefore, the Government and its judges, are Constitutionally prohibited from summarily abrogating a Citizen's (Petitioner's) secured individual "right," to keep and bear legal Arms; and are prohibited to deprive any Citizen of that right. See Scott, 60 U.S. at 450; Parker v. District of Columbia, 478 F.3d 370, 391 (D.C. Cir. 2007); Flores, 521 U.S. at 524 ("The first eight Amendments to the Constitution set forth self-executing prohibitions on governmental action").

## III

**THE GOVERNMENT CANNOT CAPRICIOUSLY DEPRIVE, OR TAKE AWAY PETITIONER'S SECURED RIGHT, TO KEEP AND BEAR ARMS, OR HIS RIGHT, TO DUE PROCESS OF LAW**

**Petitioner argues** by the Federal government automatically abrogating and/or depriving him of his secured "individual right," to keep and bear arms, upon a felony conviction, substantially affected his Second and Fifth Amendment rights guaranteed him by the Constitution of the United States.

**a**

The **Fifth Amendment** to the Constitution of the United States addresses criminal procedure and other aspects of the Constitution. It was ratified, along with nine other articles, in 1791 as part of the Bill of Rights. The Fifth Amendment applies to every level of the government, including the federal, state, and local levels, in regard to a US citizen or resident of the US. The Supreme Court furthered the protections of this amendment through the Due Process Clauses of the Fifth and Fourteenth Amendment. See also Albright v. Oliver, 510 U.S. 266, 306-307 (1994); Planned Parenthood v. Casey, 505 U.S. 833, 847-848 (1992); Moore v. East Cleveland, 431 U.S. 494, 502 (1977); Poe v. Ullman, 367 U.S. 497, 541-543 (1961). A denial of the "right' to keep and bear Arms'" would be a denial" of due process. See Malloy v. Hogan, 378 U.S. 1, 4-5, 21-22 (1964); Simmons v United States, 390 U.S. 377 (1968). The deprivation of the "right," to keep and bear Arms, **is punishment.** See Cummings v. Missouri, 71 U.S. 277, 320-322 (1866).

b

"Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them." Miranda v. Arizona, 384 U.S. 436, 491 (1966). Duncan v. Louisiana, 391 U.S. 145, 148-154 & n. 21 (1968); Davis v. Passman, 442 U.S. 228, 241-244, 246(1979); Florida v. Bostick, 115 L.Ed. 2d. 389,

401 (1991); City of Boerne v. Flores, 521 U.S. 507, 524, 529 (1997). See also Marbury v. Madison, 5, U.S. 137, 176-180 (1803); Scott, 60 U.S. at, 450.

### C

United States Supreme Court **Chief Justice Taney**, made clear that the government (Congress) cannot deny to the people the right to keep and bear Arms; and cannot abrogate any right expressed in the first eight Amendments to the Constitution of the United States. See Scott v. Sandford, 60 U.S. 393, 450 (1867); Marbury v. Madison, 5, U.S. 137, 176-180 (1803); Parker v. District of Columbia, 478 F.3d 370, 391 (D.C. Cir. 2007). See also City of Borene v. Flores, 521 U.S. 507, 524 (1997) ("The first eight Amendments to the Constitution set forth self-executing prohibitions on governmental action").

### IV

**THE SECURED "RIGHT" TO KEEP AND BEAR ARMS EXPRESSED BY THE SECOND AMENDMENT, AND THE SECURED "RIGHT" TO DUE PROCESS OF LAW EXPRESSED BY THE FITH AMENDMENT, INCLUDES FELONS HERE, PETITIONER**

### a

**The Due Process Clauses** of the Fifth and Fourteenth Amendments includes, and  protects, **both** Petitioner ("individual citizens,") and his "individual right," to

13

keep and bear legal arms. See Albright v. Oliver, 510 U.S. 266, 306-307 (1994);

Planned Parenthood v. Casey, 505 U.S. 833, 847-848 (1992); Moore v. East

Cleveland, 431 U.S. 494, 502 (1977); Poe v. Ullman, 367 U.S. 497, 541-543 (1961).

b

"All Constitutional guarantees extend both to the rich and poor alike, to

those with notorious reputation, as well as to those who are models of upright

citizenship. No regime under the rule of law   could comport with constitutional

standards that drew such distinctions." Smith v. United States, 428 U.S. 1303, 1308

(1975), Ex parte Milligan, 71 U.S. 2, 121 (1866).  The rights enumerated in the first

right Amendments belong to **every Citizen** as a member of society. Poe, 367 U.S. at

540-543; Logan, 144 U.S. at 286-288; United States v. Cruikshank, 92 U.S. 542, 551-

554 (1875). The Constitutional rights of criminal defendants are granted to the

innocent and the guilty alike. Kimmelman v. Morrison, 477 U.S. 365, 380 (1986).

The Constitution of the United States is a law for rulers and people, equally in war

and in peace, and covers with the shield of its protections **all classes of men**, **at all

times, and under all circumstances**. No doctrine, involving more pernicious

consequence's, was ever invented by the wit of man than that any of its provisions

can be suspended during any of the great exigencies of government. Ex parte

Milligan, 71 U.S. 2, 121 (1866).  See also Florida v. Bostick, 115 L.ed. 2d 389, 401

(1991); <u>Marbury v. Madison</u>, 5, U.S. 137, 176-180 (1803). <u>Therefore</u>, felons, including Petitioner,  and the secured "right to keep and bear Arms," are included in the Due Process of Law of the Constitution of the United States, and protected there by.

V

### A FELONY CONVICTION <u>DOES</u> <u>NOT</u> ABROGATE THE INDIVIDUAL RIGHT TO KEEP AND BEAR ARMS SECURED BY THE CONSTITUTION OF THE UNITED STATES; THE SECURED "INDIVIDUAL RIGHT" TO KEEP AND BEAR ARMS <u>DOS NOT</u> EVAPORATE, AND IS NOT FORFEITED, UPON A FELONY CONVICTION

a

In 1791, our Founding Fathers penned the Bill of Rights, guaranteeing the American people certain **inalienable** freedoms and an unprecedented entitlement to liberty. With the Second Amendment, they firmly established that "**the right** of the people **to keep and bear arms** shall not be infringed." The Founding Fathers explain that without the Right To Keep and Bear Arms, the freedom of the people will be in jeopardy by tyranny, as was proven in 20th century Europe (Hitler, Stalin, Mussolini, etc.). Many tens of millions of innocent people have been murdered by their own governments, simply for being politically incorrect. The word "infringed" is particularly interesting. The Founding Fathers could have used the word "denied". Had they done so, a devious government could have allowed a citizen just one

ineffective weapon of the government's choosing, thus satisfying the constitutional requirement. The unqualified word "infringed" admonishes that no infringement of any kind can be in effect. The Founding Fathers' literacy and use of words. All arms available to the military must be allowed to the citizenry, and no restrictive measures can be used to infringe upon; use, type or quantity; or to have restrictive taxes, geographical infringements or other infringing conditions. Thus, any laws restricting the acquisition of arms by residents of the USA are unconstitutional.

### b

The founding generation "were for **every man** bearing his arms about him and keeping them in his house, his castle, for his own defense." **Cong. Globe, 39th Cong., 1st Sess., 362, 371 (1866) (Sen. Davis).**

### c

The Right to Keep and Bear Arms (RKBA) is the sole right enumerated in the Second Amendment of The Constitution. It is one of the **unalienable** rights endowed by the creator declared in the Unanimous Declaration of the Thirteen United States of America. It is the second in a series of admonishments to ALL governments of the United States of America, state and federal, admonishing them to refrain from infringing on those God

given, unalienable rights that they already have. The Bill of Rights cannot be amended or subjugated by any government of the United States!

**d**

The 2nd Amendment doesn't establish "the right to bear arms." It protects it. That right already exists, with or without the Second Amendment. In fact, the entire Bill of Rights isn't about granting rights. Rights aren't gifts from the government. This statement refers to a right which is stated in the Second Amendment of the Constitution of the United States of America. Per the Constitution, it does not create this right, but rather it states that this particular right shall not be infringed.

**e**

The people at large — that is, individual citizens — have an **inalienable right** to keep and bear arms, an **inalienable right that may not be infringed**. That inalienable, individual right supersedes the "right" claimed by some for the government to have sole possession of all weapons, including weapons of self-defense.

Today, every citizen has the right under the Constitution to bear arms, and that right shall not be infringed.  With the Constitution being the "supreme"

law of the land, no law can be enacted by any governmental body to disarm the citizenry.

**If the United States is to remain a free state, then the people must have their own firearms to enforce the Constitution.**

f

**The Second Amendment** protects "the right to keep and bear Arms. <u>United States v. Verdugo-Urquidez</u>, 494 U.S. 259, 265 (1990). In <u>*District of Columbia v. Heller*</u>, the Supreme Court held that the Second Amendment confers "an individual right" to keep and bear arms. 554 U.S. at 595.

g

In <u>*McDonald v. City of Chicago*</u>, **Justice Alito**, writing for a 5-4 majority, added that "it is clear that the Framers and ratifiers of the Fourteenth Amendment counted the right to keep and bear arms among those fundamental rights necessary to our system of ordered liberty." 561 U.S. at 778.

h

**Chief Justice Taney,** made clear that Congress cannot deny to the people the right to keep and bear Arms; and cannot abrogate any right expressed in the first Eight Amendments to the Constitution of the United States. See <u>Scott v. Sandford,</u>

60 U.S. 393, 450 (1867). **See** also  Parker v. District of Columbia , 478 F.3d 370, 391

(D.C. Cir. 2007). "The first Eight Amendments to the Constitution set forth self-

executing prohibitions on governmental action." City of Borene v. Flores, 521 U.S.

507, 524 (1997).

i

Under the Constitution of the United States American Citizens **do not forfeit

constitutional secured rights** by reason of a felony conviction; and even while

actually imprisoned, they do not forfeit all constitutional rights, only those rights

necessary to maintain institution security and discipline. See Bell v. Wolfish, 441

U.S. 520, 545-546 (1979); Wolff v. McDonnell, 418 U.S. 539, 555-556 (1974).  There

is no iron curtain drawn between the Constitution and the people of this Country.

See Wolff at 555-556; Bell, 441 U.S. at 545.

j

All Citizens of the United States with "felony" status who are released from

imprisonment, have the same and equal secured rights and privileges commonly

exercised in a free society. See First Eight and Fourteenth Amendments, and Wolff,

418 U.S. at 555-556; Smith, 423 U.S. at 1308; Milligan, 71 U.S. at 121.

VI

## THE GOVERNMENT'S LAW PROHIBITING INTRASTATE POSSESSION OF LEGAL FIREARMS BY CERTAIN CITIZENS RUNS AFOUL OF THE SECOND AND FIFTH AMENDMENTS

In Printz v. United States, 521 U.S. 898 (1997), **Justice Clarence Thomas** made a concurring opinion, which declared:  "The Constitution, in addition to delegating certain enumerated powers to Congress, places whole areas outside the reach of Congress' regulatory authority. The First Amendment, for example, is fittingly celebrated for preventing Congress from "prohibiting the free exercise" of religion or "abridging the freedom of speech." The Second Amendment similarly appears to contain an express limitation on the government's authority. That Amendment provides: "[a] well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."  This Court has not had recent occasion to consider the nature of the substantive right safeguarded by the Second Amendment. If, however, the Second Amendment to read to confer a personal right to "keep and bear Arms," a colorable argument exists that the Federal Government's regulatory scheme, at least as it pertains to the purely intrastate sale or possession of firearms, runs afoul of that Amendment's protections. Printz, 521 U.S. at 937-939 (1997).

Since the decision in Printz,  the Supreme Court of the United States has well settled the law, that the Second Amendment, **is an "individual" right**. In District of

*Columbia v. Heller*, the Supreme Court held that the Second Amendment confers

"an individual right" to keep and bear arms. 554 U.S. at 595. The constitutional right

to bear arms in public for self-defense is not "a second-class right, subject to an

entirely different body of rules than the other Bill of Rights guarantees." *McDonald*,

561 U. S., at 780 (plurality opinion). *New York State Rifle & Pistol, Assoriation v. Bruen*,

*597 U.S. _____ (2022).*

VII

**THE FEDERAL GOVERNMENT'S FIREARM LAWS AGAINST FELONS, ONE BEING §
922(g)(1), WERE ENACTED UNDER THE <u>FALSE</u> ASSUMPTION THAT
AMERICAN CITIZENS <u>DID NOT</u> HAVE AN "INDIVIDUAL RIGHT," TO KEEP AND BEAR
ARMS, THUS ARE LEGALLY INVALID UNDER THE NEW LAWS FINDING THAT
AMERICAN CITIZENS, DO HAVE A CONSTITUTIONAL "INDIVIDUAL" RIGHT TO KEEP
AND BEAR ARMS**

State and Federal government firearm laws, such as, but not limited to, §

922(g)(1), prohibiting American Citizens with "felony status," from possessing

legal firearms, for lawful home and family and self-defenses, and legal hunting,

were enacted under the false assumption, and regimen that American Citizens DID

NOT have an "individual" right to keep and bear Arms. See <u>Lewis v. United States</u>,

445 U.S. 55, 65 at n. 8 (1980); <u>United States v. Earin</u>, 530 F.2d 103, 106 (6 Cir.), cert.

denied 426 U.S. 948 (1976); <u>Cody v. United States</u>, 460 F.2d 34, 36-37 (8th Cir.), cert.

denied, 409 U.S. 1010 (1972); <u>United States v. Hale</u>, 978 F.2d 1016, 1018-1020 (8th

Cir. 1992); <u>United States v. Wilson</u>, 313 F.3d 972, 973 (8th Cir. 2003). The Supreme

Court in _Heller_, 554 U.S. at 595, and _McDonald_, 561 U. S., at 780, and _New York State Rifle & Pistol, Assoriation v. Bruen_, 597 U.S. _____ (2022), clearly established that the government and its judges in _Lewis_, 445 U.S. at, 65 at n. 8, and _Earin_, 530 F.2d at, 106 _Cody_ 460 F.2d at 36-37, and _Hale_, 978 F.2d at 1018-1020, and _Wilson_, 313 F.3d at 973, were constitutionally wrong. THEREFORE, The government's law § 922(g)(1), rests on unconstitutional grounds, and has no constitutional effect over American Citizens, felons, or otherwise.

### VIII

**THE GOVERNMENT'S PROSECUTION OF PETITIONER UNDER 18 U.S.C. § 922(G)(1) CLASHES WITH THE PROHIBITIONS OF THE SECOND AND FIFTH AMENDMENTS**

**Petitioner incorporates his above facts and arguments into this instant claim as if fully set forth herein.**

Here in Petitioner's case, the above law, and the facts, and court records establish that Petitioner's secured "individual right," to keep and bear arms, **had not been** lawfully abrogated on August 13, 2019, and on August 27, 2019, and on May 13, 2021. Thus, as applied to Petitioner, the federal government's prosecution, and the federal government's statute, 18 U.S.C. § 922(g)(1), clashed with Petitioner's secured Second and Fifth Amendment rights protected by the Constitution of the United States.

### IX

22

## THE GOVERNMENT MAY NOT CONSTITUTIONALLY APPLY ITS LAW 18 U.S.C. § 922(g)(1) AGAINST PETITIONER AN AMERICAN CITIZEN WHEN HE <u>HAD NOT</u> HAD HIS INDIVIDUAL RIGHT TO KEEP AND BEAR ARMS, ABROGATED WITHIN THE PROTECTION OF THE CONSTITUTION OF THE UNITED STATES

**Petitioner incorporates his above facts and arguments into this instant claim as if fully set forth herein.**

Petitioner asserts under the Constitution of the United States, in the government's prosecutions under § 922(g)(1), the government is constitutionally barred from applying § 922(g)(1) against Petitioner **when his secured "individual right" to keep and bear arms, had not been constitutionally abrogated.** Under the above facts and law, and the Second Amendment, and the Due Process Clauses of the Fifth and Fourteenth Amendments, prosecuting Petitioner under § 922(g)(1) when his constitutional secured "individual right," to keep and bear arms, **had not been constitutionally abrogated,** violated the Second and Fifth Amendments to the Constitution of the United States.

Under the Constitution of the United States, the government's convictions and sentences of the 13 counts of violating 18 U.S.C. § 922(g)(1) (possession of a firearm by a felon), must be vacated.

## X

## THE CONVICTIONS ON THE 13 COUNTS OF VIOLATING 18 U.S.C. § 922 (g)(1) MUST BE VACATED

### A

### THE GOVERNMENT'S CHARGED OFFENSES ALL AROSE OUT OF ONE CONTINUOUS OFFENSE WITH THE SAME FIREARMS

Here, Petitioner was convicted of; One count of violating 18 U.S.C. § 922(a)(1)(A) (dealing in firearms without a license); One count of violating 18 U.S.C. § 922(o) (possession and transfer of a machine gun); Two counts of violating 26 U.S.C. § 5861(d) (possession of a firearm not registered in the National Firearms Registration and Transfer Record); Seven counts of violating 18 U.S.C. §§ 922(k) and 924(a)(1)(B) (possession of a firearm with serial number removed, obliterated, or altered), meaning that without his convictions on the 13 counts of violating 18 U.S.C. § 922(g)(1), **his possession of those firearms,** there would be no legal facts for convictions on the government's other charges.

### b

The same act, possession of those firearms was used to charge, and convict Petitioner on; one count of violating 18 U.S.C. § 922(a)(1)(A) (dealing in firearms

24

without a license); one count of violating 18 U.S.C. § 922(o) (possession and

transfer of a machine gun); two counts of violating 26 U.S.C. § 5861(d) (possession

of a firearm not registered in the National Firearms Registration and Transfer

Record); seven counts of violating 18 U.S.C. §§ 922(k) and 924(a)(1)(B) (possession

of a firearm with serial number removed, obliterated, or altered).

c

Those charges, convictions, and sentences,  arose out of the same incident,

the same act possession of firearms,  which was necessary before those charges,

and convictions, and sentences, could be legally had.  The same act of **possession**

**of firearms** was used to gain the convictions, and the sentences, under §

922(a)(1)(A), § 922(o), § 5861(d), §§ 922(k) and 924(a)(1)(B). Without the **possession**

**of firearms** under § 922(g)(1), there would be no facts-evidence for the convictions,

and the sentences, under § 922(a)(1)(A), § 922(o), § 5861(d), §§ 922(k) and

924(a)(1)(B). Thus, those convictions and sentences must be vacated. See

United States v. Joshua Grant, No. 20-4078, 15 F.4th 452 (6th Cir. Oct. 1 2021). See

e.g.  Ex parte Lange, 85 U.S. (18 Wall.) 163, 173 (1874); North Carolina v.

Pearce, 395 U.S. 711, 717 (1969).

d

Under <u>United States v. Joshua Grant</u>, No. 20-4078, 15 F.4th 452 (6th Cir. Oct. 1, 2021) Petitioner challenges the district court's entry of multiple convictions and sentences under 18 U.S.C. § 922(g).  Petitioner submits that the district court committed plain error in entering multiple convictions and sentences under § 922(g) for the same incident of firearm possession.

e

The Double Jeopardy Clause of the U.S. Constitution provides that no person may be "twice put in jeopardy" for the same offense. <u>U.S. Const. amend V.</u> The clause "protects not only against a second trial for the same offense, but also against multiple punishments for the same offense[.]" <u>Whalen v. United States</u>, 445 U.S. 684, 688 (1980) (citation and quotations omitted). To determine "whether punishments imposed by a court after a defendant's conviction upon criminal charges are unconstitutionally multiple[,]" courts look to "what punishments the Legislative Branch has authorized." Id. (collecting cases); <u>see</u> also <u>White v. Howes</u>, 586 F.3d 1025, 1035 (6th Cir. 2009) (explaining that "current jurisprudence allows for multiple punishment for the same offense provided the legislature has clearly indicated its intent to so provide, and recognizes no exception for necessarily included, or overlapping offenses."). The Sixth Circuit has not "expressly addressed . . . whether Congress intended to permit multiple punishments for violations of

26

two or more subdivisions of § 922(g)" based on a single incident of firearm possession. United States v. Ocampo, 919 F. Supp. 2d 898, 905–06 (E.D. Mich. 2013). But the Court has recognized, in an unpublished decision, that "the subdivisions of § 922(g) do not support separate sentences for a single criminal act." United States v. Modena, 430 F. App'x 444, 446 (6th Cir. 2011). And every circuit to address this question unanimously agrees that § 922(g) does not permit multiple punishments based on the statute's different subdivisions for a single incident of firearm possession. United States v. Parker, 508 F.3d 434, 440 (7th Cir. 2007); United States v. Richardson, 439 F.3d 421, 422 (8th Cir. 2006) (en banc) (per curiam); United States v. Shea, 211 F.3d 658, 673 (1st Cir. 2000); United States v. Dunford, 148 F.3d 385, 389 (4th Cir. 1998); United States v. Johnson, 130 F.3d 1420, 1426 (10th Cir. 1997); United States v. Munoz–Romo, 989 F.2d 757, 759–60 (5th Cir. 1993); United States v. Winchester, 916 F.2d 601, 607–08 (11th Cir. 1990). The government may "pursue multiple theories of violation at trial," but "only one conviction may result under § 922(g) for a single incident of possession, even though the defendant may belong to more than one disqualified class." Parker, 508 F.3d at 440 (internal citation omitted); cf. United States v. Throneburg, 921 F.2d 654, 657 (6th Cir. 1990) (separate convictions for simultaneous possession of a firearm and ammunition under § 922(g)(1) are multiplicitous and merge at

sentencing). Thus, this statute does not permit a court to, as the district court did here, "impose multiple punishments on a defendant who commits one act of possession yet is both a felon and a domestic-violence misdemeanant." Modena, 430 F. App'x at 446. Doing so was plain error. See United States v. Ehle, 640 F.3d 689, 699 (6th Cir. 2011) (imposing multiple punishments for the same offense in violation of the Double Jeopardy Clause constitutes plain error). Even though the two sentences are concurrent, "[o]ne of the convictions, as well as its concurrent sentence, is unauthorized punishment for a separate offense." Ball v. United States, 470 U.S. 856, 864 (1985) (citing Missouri v. Hunter, 459 U.S. 359, 368 (1983)). See United States v. Joshua Grant, No. 20-4078 (6th Cir. Oct. 1 2021).

## XI

**The Government's convictions and sentences under §§ 922(k) and 924(a)(1)(B) possession of a firearm with serial number removed, obliterated, or altered, are unconstitutional, and must be vacated.**

The Government's laws 18 U.S.C. § 922(k), and § 924(a)(1)(B), which prohibits Citizens to possess a firearm with an altered, obliterated, or removed serial number, and convictions and sentences under § 922(k), § 924(a)(1)(B), are unconstitutional after the Supreme Court's recent decision in New York State Rifle & Pistol Ass'n v. Bruen, 142 S. Ct. 2111 (2022). See      UNITED

STATES OF AMERICA, v. RANDY PRICE, CRIMINAL ACTION NO. 2:22-cr-00097, U.S. DIST. COURT, SOUTHERN DISTRICT OF W. V. (October 12, 2022). See also JOHN RIGBY, ALAN KNIGHT, and FIREARMS POLICY COALITION, INC. v. KATHY JENNINGS, Attorney General of Delaware, CRIMINAL ACTION NO.. 21-1523 (MN) U.S. DIST. COURT, DISTRICT OF DELAWARE, (September 23, 2022). Petitioner incorporates both court ruling of RANDY PRICE and JOHN RIGBY, into his instant argument as if fully set forth herein. Therefore, the Government's convictions and sentences under 18 U.S.C. § 922 (k) and 924(a)(1)(B), possession of a firearm with serial number removed, obliterated, or altered, are unconstitutional, and must be vacated.

**XII**

**PETITIONER WAS DEPRIVED OF HIS SIX-AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL**

**FACTS**

Petitioner's trial attorney failed to challenge the incorrect jury instructions; and failed to introduce a special verdict form because of the multiplicities that confused the jury making it appear to be more criminal activity than it actually was. Further the attorney informed, and

advised Petitioner that all the sentences he would receive would run currently. Petitioner relied on that advice to his prejudice. The petitioner believed that his sentences would run concurrently if he went to trial, when, in fact, the trial resulted in the sentences to run consecutively.

Had Petitioner known that the sentences could run consecutively, he would have entered an open plea to the indictment to obtain the three-points sentence reduction for acceptance of responsibility, and a much lower sentence.

## INEFFECTIVE ASSISTANCE OF COUNSEL

The right to be represented by counsel is by far the most important of a defendant's constitutional rights because it affects the ability of a defendant to assert a myriad of other rights. As Justice Sutherland explained in Powell v. Alabama, 287 U.S. 45, 68-69 (1932):

> The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with a crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to

prepare his defense, even though he has a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence. If that be true of men of intelligence, how much truer is it of the ignorant and illiterate, or those of feeble intellect. If in any case, civil or criminal, a state or federal court were arbitrarily to refuse to hear a party by counsel, employed by and appearing for him, it reasonably may not be doubted that such a refusal would be a denial of a hearing, and, therefore, of due process in the constitutional sense. Id., at 68-69, 53 S.Ct., at 63-64.

The right to the assistance of counsel is guaranteed by the Sixth Amendment to the United States Constitution. This right to the assistance of counsel has long been understood to include a "right to the effective assistance of counsel." **See** McMann v. Richardson, 397 U.S. 759, 771, n. 14 (1970). The integrity of our criminal justice system and the fairness of the adversary criminal process is assured only if an accused is represented by an effective attorney. See United States v. Morrison, 449 U.S. 361, 364 (1981). Absent the effective assistance of counsel, "a serious risk of injustice infects the trial itself." Cuyler v. Sullivan, 446 U.S. 335, 343 (1980). Thus, a defendant is constitutionally entitled to have effective counsel acting in the role of an advocate. See Anders v. California, 386 U.S. 738, 743 (1967).

One of the most important duties of an attorney representing a criminal defendant is advising the defendant about whether he

should plead guilty or go to trial. <u>Reed v. United States</u>, 354 F.2d 227, 229 (5th Cir.1965). An attorney fulfills this obligation by informing the defendant about the relevant circumstances and the likely consequences of a plea. <u>Teague v. Scott</u>, 60 F.3d 1167, 1170 (5th Cir. 1995). Apprising a defendant about his exposure under the sentencing guidelines is necessarily part of this process. A defendant cannot make an intelligent choice about whether to accept a plea offer unless he fully understands the risks of proceeding to trial. *Id.* at 1171. "Failing to properly advise the defendant of the maximum sentence that he could receive falls below the objective standard required by *Strickland*." <u>United States v. Herrera</u>, 412 F.3d 577, 580 (5th Cir. 2005).

The <u>Grammas</u> court adopted the "any amount of jail time" test in <u>United States v. Grammas</u>. , <u>376 F.3d 433</u>, 439 (5th Cir.2004) (adopting the "any amount of jail time" test). This test originated from the Supreme Court's decision in <u>Glover v. United States</u> where the Court explained that any amount of additional jail time has

significance under *Strickland.* Glover v. United States, 531 U.S. 198,

203, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001).

The Grammas court determined that the "any amount of jail

time" test applies where the defendant was convicted after the

Supreme Court's decision in *Glover.* Grammas, 376 F.3d at 438. The

Grammas court further held that grossly underestimating a

defendant's exposure under the sentencing guidelines constitutes

ineffective assistance of counsel. *Id.* at 436-37.

Under the Sixth Amendment to the U.S. Constitution, criminal

defendants have a number of guaranteed rights, including the

"Assistance of Counsel." Although it's not spelled out in the

amendment, the U.S. Supreme Court has long recognized that

legal representation must be effective if it's to serve the purpose

of ensuring a fair trial. The right to effective legal representation

applies not only to the actual criminal trial but also to other stages

of the criminal process, including plea bargaining and post-

conviction proceedings to decide whether to impose a death

sentence. And it doesn't matter if the defendant hired a private

defense attorney or have a court-appointed counsel—all criminal defense attorneys must provide effective representation. <u>See Strickland v. Washington</u>, 466 U.S. 668 (1984) **Under** <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) The appropriate standard for ineffective assistance of counsel requires both that the defense attorney was objectively deficient and that there was a reasonable probability that a competent attorney would have led to a different outcome. In a case where the defense counsel's ineffective assistance resulted in an unfair trial, the court may grant a new trial. <u>Harris v. U.S.</u>, 701 F.Supp.2d 1084 (S.D. Iowa 2010).

In this case, Petitioner's trial attorney failed to challenge the incorrect jury instructions which resulted in several convictions for the same offense; and the attorney failed to challenge the incorrect information alleged in the PSI, such as the four level enhancement, and criminal history points; and the attorney failed to introduce a special verdict form because of the multiplicities that confused the jury making it appear to be more criminal activity than it actually was. Further the attorney informed, and advised Petitioner that all sentences he would receive would run currently if he went to trial. Petitioner's attorney misadvised him about his sentencing exposure.

In reaching Petitioner's decision to go to trial, he relied on his trial attorney's advice that he would receive current sentences. Yet, he received consecutive sentence after trial. **Petitioner asserts** that he would not have gone to trial if he had known that he faced consecutive sentences because of trial, a "significantly larger sentence. the attorney informed, and advised Petitioner that all the sentences he would receive would run currently if he went to trial. **Had Petitioner known** that the sentences could run consecutively, he would have entered an open plea to the indictment to obtain the three points for acceptance of responsibility, and he would have received a much lower sentence by several years.

## XIII

### This Court should grant this petition

This Court should grant this petition and adjudge Petitioner's each individual claim; and to resolve the government's illegal bypass of the prohibitions of Article 6, Clauses 2 and 3; and, its illegal bypass of the prohibitions of the Second Amendment, and its illegal bypass of the prohibitions of the Due Process Clauses of the Constitution of the United States; and to clarify Petitioner's Constitutional secured "individual rights" protected and secured to him by both the Second

35

Amendment, and by the Due Process Clauses, namely the "individual right" to keep and bear legal arms for lawful home and family and self-defenses. Thus, preventing the government from arbitrarily depriving Petitioner of, and forbidding him to, exercise his Second Amendment secured "individual right," to possess a legal handgun for home and family and self-defenses. Therefore, forbidding the government from arbitrarily prohibiting Petitioner from exercising his secured Constitutional "right," to possess a legal firearm for lawful home and family and self-defenses, without first providing him with due process of law.

## REQUESTED REMEDY

**For the above reasons**, Petitioner respectfully request this Honorable Court for:

a. An order directing the Government to produce a due process judicial **record** establishing that Petitioner's secured right to keep and bear arms had been constitutionally abrogated, prior to his present firearms charges;

b. An order vacating the unconstitutional convictions and sentences on the 13 counts of violating 18 U.S.C. § 922(g)(1) (possession of a firearm by a felon);

c. An order vacating the unconstitutional convictions and sentences under § 922(a)(1)(A), § 922(o), § 5861(d);

d. An order vacating the unconstitutional convictions and sentences under 18 U.S.C. § 922(k) and 924(a)(1)(B);

e. An order setting this case and the claims herein, for an evidentiary hearing;

f.  Appoint counsel in this case;

g.  Grant Petitioner all other relief he may be entitled under the law.

Pursuant to 28, U.S.C. § 1746, "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the above and foregoing is true and correct.

Executed on November 16, 2022

Respectfully submitted,

_____

Kenneth Eugene Cherry, Jr
Pro se Petitioner
#69878-066
FCI Loretto
P.O. Box 1000
Cresson, PA 16630

## AFFIDAVIT OF KENNETH EUGENE CHERRY, JR  PETITIONER HEREIN

Petitioner declares and states that his Constitutional secured "individual right, to keep and bear arms," **has never been** Constitutionally abrogated by, or in, any judicial court hearing. No judicial court has ever heard Petitioner's above constitutional claims on the merits, with a written opinion issued on each of his claims.

Pursuant to 28, U.S.C. § 1746, "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the above and foregoing is true and correct.

Executed on November 16, 2022

Kenneth Eugene Cherry, Jr
Pro se Petitioner
#69878-066
FCI Loretto
P.O. Box 1000
Cresson, PA 16630



Kenneth Cherry 69878-066
P.O. Box 1000
Cresson, PA 16630

RECEIVED
NOV 21 2022

U.S.M.S.
X-RAY



Springfield P&DC MO 658
WED 16 NOV 2022 PM

Clerk of Court
U.S. District Court
601 Market St. Ste. 2609
Philadelphia, PA 19106